UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
NITZALY FABAL and NITZALY FABAL as mother  :
and guardian of her child RAFAEL VICIOSO,  :  09 Civ. 5605 (DLC)
an infant under the age of 18,             :
                                           :
                    Plaintiffs,            :  OPINION & ORDER
                                           :
        -v-                                :
                                           :
THE CITY OF NEW YORK; NEW YORK CITY POLICE :
DEPARTMENT; HON. ROBERT A. MORGENTHAU,     :
District Attorney of New York County;      :
Police Officer JOCELYN PERALTA; Police     :
Officer MAXIMO DIAZ; Sergeant JUAN DURAN;  :
Police Officer "JANE DOE"; and Police      :
Officer "JOHN DOE",                        :
                                           :
                    Defendants.            :
                                           :
------------------------------------------ X

Appearances:

For Plaintiffs:
Stuart R. Shaw
240 Madison Avenue
7th Floor
New York, NY 10016

For Defendant The City of New York:
Alexandra Cosi
Erin Ferrell
Meghan Ann Cavalieri
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

        The defendant The City of New York (the "City") has moved

for summary judgment.  For the following reasons, the motion is

1

granted in part.  The Court declines to exercise supplemental
jurisdiction over the remaining state law claims.


BACKGROUND

The following facts are undisputed, unless otherwise noted.
On March 22, 2008, Police Officer Jocelyn Peralta ("Peralta")
received a radio transmission indicating that three or four
males were selling drugs in the vicinity of 144th Street and
Broadway in Manhattan.  Peralta and her partner arrived at the
scene, handcuffed four males who matched the description she had
been given, and as a crowd gathered called for additional police
assistance.  Plaintiff Nitzaly Fabal ("Fabal") was talking on
the sidewalk some distance away, near 145th Street and Broadway,
with another woman as Fabal waited to get some money from the
father of her children.  At the time, Fabal was seven and a half
weeks pregnant with her fourth child, who is referred to herein
as the Son.

Fabal did not move on when Peralta requested her to do so.
Fabal explains that she didn't move because she was engaged in
conversation.  Fabal asserts that Peralta then pushed her into a
parking meter and punched her in the stomach as Sgt. Juan Duran
("Duran") held her arms behind her back.  Fabal and members of
the crowd told the officers that Fabal was pregnant.  Fabal was
arrested at approximately 2:50 pm. on charges of obstructing

2

governmental administration, resisting arrest, menacing, and harassment.

Fabal was taken to the 30th precinct, where officials called for an ambulance to take her to Harlem Hospital.  The medical records reflect inter alia that Fabal had mild bilateral low abdominal tenderness.  After being released that night from the hospital, Fabal was taken to another precinct, and then Central Booking, and released shortly thereafter.  The day after her release from custody, Fabal went to Columbia Presbyterian Hospital to be examined.

During a bench trial on February 23 and 24, 2009, Fabal was tried on the charges of attempted assault, menacing, and aggravated harassment.  She was acquitted on each charge. During the trial, Peralta, Duran, and Fabal testified, among others.

Fabal's Notice of Claim was served on the City on May 12, 2009.  On June 18, 2009, Fabal filed this lawsuit on behalf of herself and her infant Son.  She named as defendants the City, the New York City Police Department, Hon. Robert A. Morgenthau ("Morgenthau"), the District Attorney of New York County, Peralta, Duran, and Police Officer Maximo Diaz ("Diaz").  The complaint asserts claims for false arrest, use of excessive force, and malicious prosecution, in violation of Fabal's constitutional rights pursuant to 42 U.S.C. § 1983.  It also

3

asserts claims under state law for intentional infliction of emotional distress, prima facie tort, assault, false arrest and imprisonment, and negligence.  The plaintiffs sought damages of $1,000,000 from each defendant.

The plaintiffs advised the City on June 14, 2010, that the claims brought on behalf of Fabal's Son were being withdrawn without prejudice.[1]  Discovery in this action ended on September 3, 2010.  Fabal did not depose the individual officers or serve discovery requests regarding them during the discovery period.

After several extensions, the City's motion for summary judgment was fully submitted on July 8, 2011.  In opposition to the summary judgment motion, Fabal has withdrawn her claims against the District Attorney.[2]  She has also submitted an affidavit that describes misconduct by Peralta and Duran. Fabal's affidavit makes no assertion that the individual defendant Officer Diaz engaged in any misconduct.

---

[1] Fabal has been told that the Son must be at least five years old before any expert may be able to opine whether any injuries that Fabal suffered on March 22, 2008 harmed her Son.

[2] Fabal has incorrectly sued the New York City Police Department separately from the City; the New York City Police Department is "a non-suable agency of the City."  Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

DISCUSSION

The City has moved to dismiss the claims against the three remaining individual defendants -- Peralta, Diaz and Duran -- for failure to serve them and for summary judgment on all of the claims.  The motion to dismiss will be addressed first.


1.  Failure to Serve

The sole remaining individual defendants Peralta, Diaz and Duran have moved to dismiss the claims against them with prejudice for the failure to serve them within the 120 days required by Fed. R. Civ. P. 4(m).[3]  Under Rule 4(m),

> [i]f a defendant is not served within 120 days after
> the complaint is filed, the court -- on motion or on
> its own after notice to the plaintiff -- must dismiss
> the action without prejudice against that defendant .
> . . .  But if the plaintiff shows good cause for the
> failure, the court must extend the time for service
> for an appropriate period.

Fed. R. Civ. P. 4(m).  "Good cause" is not defined, but attorney neglect or error does not meet this standard.  See McGregor v. United States, 933 F.2d 156, 160 (2d Cir. 1991) (construing Rule 4(j), Fed. R. Civ. P., before its amendment in 1993).  While the district court may grant an extension of the service period absent a showing of good cause, the plaintiff must "ordinarily advance some

---

[3] This Opinion does not address whether Fabal's failure to serve the individual defendants also affects any claims that the Son may have against them.

5

colorable excuse for the neglect," including a
demonstration that an effort was made to effect service and
that a request for an extension of time was made during the
120-day period.  Zapata v. City of New York, 502 F.3d 192,
197-98 (2d Cir. 2007) (citation omitted).

Since this action was filed on June 18, 2009, the time to
serve each defendant expired October 16, 2009.  On June 19,
2009, Fabal filed an affidavit of service asserting that service
had been affected, but in fact reflecting that such service had
only been made on the Corporation Counsel for the City.  On
September 8, the City filed its answer, and on September 9, the
City advised Fabal's counsel that the individual police officers
could be served at the 30th precinct.  Fabal never served the
individual defendants or requested an extension of time to do
so.  On March 22, 2011, the three year Section 1983 statute of
limitations ran on any claims associated with the events of
March 22, 2008, including any claims of false arrest and
excessive force.  See McKithen v. Brown, 481 F.3d 89, 100 n.12
(2d Cir. 2007).

Fabal's Section 1983 claims against the three individual
defendants must be dismissed for failure to serve them.  Fabal
does not deny that she was timely informed of the address at
which they could be served or assert that she attempted to serve
them at that address.  She does not contend that she sought an

extension of time to make service.  Based on this lack of
diligence, the claims must be dismissed even though they are now
time-barred.

Fabal makes essentially three assertions in opposition to
the dismissal of these claims.  First, she asserts that her
counsel mailed three copies of the summons and complaint to One
Police Plaza for each of the three defendant police officers.
Fabal has provided no evidence of that mailing and the City has
no record of receiving such a mailing.  In any event, such a
mailing does not constitute service on an individual police
officer.  See N.Y. Civ. Prac. L. & R. 308(2) (McKinney 1990)
(requiring delivery at actual place of business and subsequent
mailing to either last known residence or actual place of
business to effect service).

Next, Fabal contends that the docket sheet indicates that
the Corporation Counsel for the City is appearing on behalf of
the individual defendants.  It is unnecessary to examine the
docket sheet for what it might indicate.[4]  Fabal does not assert
that an entry on a docket sheet can relieve her of her duty to
effect service.  Nor does she assert that defense counsel ever
advised her that the individual defendants were waiving service
or had been served.

---

[4] In fact, the docket sheet reflects that Corporation Counsel for
the City is appearing only on behalf of the City.

Finally, in opposition to this motion Fabal requests thirty days to serve defense counsel.  In the absence of an agreement by defense counsel to accept service for the individual defendants, service must be made on the individual defendants themselves.  Even if Fabal were now requesting an opportunity to serve the individual defendants, that request would be denied for three independent reasons.  The request would be untimely; there has been no showing of good cause; and the statute of limitations has run.  Thus, Fabal's federal claims against the individual defendants are dismissed with prejudice.

2.  Monell Claims Against the City

The City moves for summary judgment on the federal claims against it for the plaintiff's failure to offer any evidence that the actions of the individual police offers were part of a pattern or practice for which the City may be held accountable. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).  "The word 'policy' generally implies a course of action consciously chosen from among various alternatives.  Policy, in the Monell sense, may of

course be made by the municipality's legislative body, but it
also may be made by a municipal official possessing final
authority to establish municipal policy with respect to the
action ordered." <u>Vives v. City of New York</u>, 524 F.3d 346, 350
(2d Cir. 2008) (citation omitted).

Fabal has offered no evidence of a pattern or practice of
misconduct by City employees in opposition to the City's motion
for summary judgment.  Nor does Fabal present in her memorandum
of law any reason why this prong of the City's motion should not
be granted.  As a result, each of Fabal's Section 1983 claims
against the City is dismissed with prejudice.


3.  State Law False Arrest and Imprisonment Claims

The City argues that Fabal's state law claims for false
arrest and imprisonment should be dismissed for failure to
timely file a notice of claim.  Under New York General Municipal
Law §§ 50-e and 50-i, an individual asserting a tort claim
against a municipality must file a notice of claim "within
ninety days after the claim arises."  Fabal did not file a
notice of her false arrest and imprisonment claims until May 12,
2009, over a year after the incident on March 22, 2008.  Fabal
does not respond to the City's contention that her false arrest
and imprisonment claims should be dismissed for failure to
timely file a notice of claim in her opposition to the City's

9

motion for summary judgment.  Accordingly, Fabal's state law false arrest and imprisonment claims are dismissed with prejudice.


4.  No Supplemental Jurisdiction

As there are no longer any federal claims in this action, it is within the Court's discretion whether to exercise supplemental jurisdiction over Fabal's remaining state law claims.  Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262-63 (2d Cir. 2006).  The Court declines to exercise supplemental jurisdiction over the remaining state law claims.


CONCLUSION

The City's May 16, 2011 motion to dismiss Fabal's claims against the individual defendants with prejudice is granted. The City is granted summary judgment on all of Fabal's federal claims and on her state law claims of false arrest and imprisonment.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims against the City.  The claims on behalf of the Son are withdrawn without prejudice.  The claims against the New York City Police Department are dismissed because it is a non-suable agency of

the City.  The Clerk of Court shall enter judgment accordingly

and close the case.


     SO ORDERED:

Dated:    New York, New York
          August 19, 2011


                              _____
                                    DENISE COTE
                              United States District Judge